# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | Case Number: 03-62838-abf |
| **DEBRA JANE ROSE** | ) | Chapter 7 |
| aka DEBBY ROSE | ) | |
| Debtor. | ) | |
| | ) | |
| **OLD MISSOURI NATIONAL BANK,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. No. _____ |
| | ) | |
| **DEBRA ROSE,** | ) | |
| Defendant. | ) | |

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

**COMES NOW** Complainant Old Missouri National Bank, and for its Complaint to Determine Dischargeability of Debt, states to the Court as follows:

1. That Plaintiff is a national bank organized and existing under the laws of the United States.

2. That defendant is an individual residing at 9240 N. Farm Road 141, Springfield, Missouri, in Greene County, Missouri, and may be found for service of process at that address. Defendant has filed for protection under chapter 7 of the Code, Case No. 03-62838-abf in the United States Bankruptcy Court for the Western District of Missouri, Southern Division on or about November 14, 2003, which case is still pending therein.

3. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(I) and (J), and this Court has jurisdiction over this adversary proceeding pursuant to said section, and 28 U.S.C. section 1334(b) and 11 U.S.C. section 11 U.S.C. section 523.

1

4. This Complaint to Determine Dischargeability of Debt is timely filed pursuant to Judge Arthur B. Federman's Order (document 9) Granting Complainant's Motion to Extend the Discharge Date (document 8).

5. On or about January 17, 2002, defendant opened account no. 7002351 with plaintiff. A copy of the account agreement is attached hereto as Exhibit "A."

6. Although defendant claimed in the account agreement that the account was to be joint account, she and only she signed the account agreement.

7. On or about January 17, 2002, defendant deposited into said account two (2) checks totaling $7,050.00.

8. One of the two (2) checks defendant deposited into said account was check no. 60478501 payable from the United States of America to one Thomas J. Rose in the amount of $6,744.00. A copy of said check is attached hereto as Exhibit "B." Thomas J. Rose did not endorse the check. Defendant marked the check "for deposit only" into the account.

9. One of the two (2) checks defendant deposited into said account was check no. 31582138 payable from the United States of America to one Thomas J. Rose in the amount of $306.00. A copy of said check is attached hereto as Exhibit "C." Thomas J. Rose did not endorse the check. Defendant marked the check "for deposit only" into the account.

10. At the time of the issuance and deposit of said checks, they and the funds represented thereby were owned by Thomas J. Rose.

11. Said checks were not and never have been owned by defendant, and were cashed without the permission of Thomas J. Rose.

12. Because the account was titled jointly, plaintiff honored the deposit of the checks and credited the account with $7,050.00, the total of the two checks.

13. On or about January 24, 2002, defendant requested that plaintiff issue her alone Plaintiff's cashier's check payable to her in the amount of the total of both checks, or $7,050.00. Defendant requested that the account be credited to pay for the cashier's check.

14. Pursuant to such request, on or about January 24, 2002, plaintiff issued defendant its cashier's check no. 4277 in the amount of $7,050.00, payable only to defendant. A copy of said cashier's check is attached hereto as Exhibit "D."

15. Defendant took possession of said cashier's check and endorsed and negotiated the cashier's check and received the funds represented by the cashier's check.

16. Defendant was not entitled to the funds from the cashier's check.

17. The owner of the checks, Thomas J. Rose, has filed a claim against plaintiff through the United States Department of the Treasury for return of the funds represented by the checks.

18. The Department of the Treasury has ruled as Thomas J. Rose claimed that he was and is entitled to the return from plaintiff of said funds represented by the checks because the checks were payable to him alone and he never endorsed them and he never gave permission to cash the checks.

19. Pursuant to the ruling of the Department of the Treasury, Plaintiff has paid the funds to Thomas J. Rose.

20. Defendant obtained the money from Plaintiff under either false pretenses, a false representation, or actual fraud, other than a statement respecting the Defendant's or an insider's financial condition, which debts are excepted from discharge under 11 U.S.C. section 523(a)(2)(A).

21. Plaintiff has made demand upon Defendant to pay the amounts represented by the checks.

22. Defendant has wholly failed and refused to pay plaintiff.

3

23. In said account agreement signed by defendant, defendant agreed to pay all Plaintiff's costs relating to the account, including but not limited to a reasonable attorney's fee incurred by Plaintiff as a result of activities in said account.

24. Defendant therefore owes Plaintiff the sum of $7,050.00, plus a reasonable attorney's fee.

25. A reasonable attorney's fee in this action to collect amounts due Plaintiff is one-fourth of the amount to be collected, or $1,762.50.

26. Defendant has listed Plaintiff as a creditor on her schedules for the full amount claimed in this Complaint.

**WHEREFORE,** Plaintiff requests the Court

(1) determine this debt in the aggregate amount of $8,812.50 be excepted from the discharge pursuant to 11 U.S.C. section 523(c)(1);

(2) tax the costs of this action against Debtor;

(3) enter an order sustaining the request for affirmative relief contained herein and confirming the relief requested herein and that any such order incorporate this Complaint and relief requested herein by reference, including its file document docket number with the Office of the United States Bankruptcy Clerk, Western District of Missouri;

(4) delay the scheduled entry of the Debtor's discharge until such time as the Court renders a final decision on this Complaint;

(5) give such other and further relief as the Court deems just and proper in the circumstances.

**DAVID L. WIELAND, L.L.C.**

By: /s/ David L. Wieland
**David L. Wieland,**
**Missouri Bar Number 29041**
2139 E. Primrose Suite E
Springfield, Missouri 65804
Telephone Number (417) 447-2222
Facsimile Number (417) 447-1213
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served electronically to those parties who have entered an appearance in the court's Electronic Court Filing (ECF) System and conventionally, via first-class mail, postage prepaid, to those parties below, if any, who have requested notice but are not participating in the ECF System, on the date entered on the court's docket.

/s/ David L. Wieland
Attorney of Record